UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CALVIN STEPHENS, STANLEY EDWARD HAYES, III; and all others similarly situated,<br><br>       Plaintiffs,<br><br>  -vs-<br><br>CITY OF SPOKANE, and SPOKANIMAL C.A.R.E., a Washington Non-Profit Corporation,<br><br>       Defendants. | NO. CV-06-119-LRS<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION TO CERTIFY CLASS** |

**BEFORE THIS COURT** at a scheduled hearing on October 10, 2007, are Defendants' motion to dismiss or grant summary judgment (**Ct. Rec. 24**), Plaintiffs' motion to certify class (**Ct. Rec. 31**), and Plaintiffs' motion for summary judgment re: vagueness, lack of probable cause and excessive fines (**Ct. Rec. 59**).  Heath Irvine and Michael Kinkley appeared on behalf of the Plaintiffs; Ellen O'Hara represented Defendant City of Spokane and Carl Hueber represented Defendant Spokanimal C.A.R.E.  With the benefit of oral argument and detailed review of the pleadings and declarations, this order is intended to

ORDER - 1

memorialize and supplement the oral ruling of the Court on October 10, 2007.

For the reasons stated on the record on October 10, 2007, all Defendants are entitled to summary judgment dismissal because there are no genuine issues of material fact, and Defendants are entitled to judgment as a matter of law.

**I. DISCUSSION:**

*A. Constitutionality of the Ordinance*

Plaintiffs claim that they were each issued an infraction by animal control officers for violating the Spokane "barking dog" ordinance, which in their view is void for vagueness. Furthermore, Plaintiffs allege that such citations amount to violation of their Fifth and Fourteenth Amendment due process rights. Plaintiff Calvin Stephens who is African American also claims that his civil rights were violated because of his race.

The ordinance, SMC 10.03.060, provides in relevant part:

A.  No person may allow an animal to unreasonably disturb persons by habitually barking, howling, yelping, whining, or making other oral noises.

B.  A violation of this section is established if the person disturbed is either an animal control officer or an individual residing within three hundred feet (exclusive of public right-of-way) of the place where the animal is harbored.

///

C. A violation of this section is a class 1 civil infraction.

It is presumed that an ordinance is constitutional unless its unconstitutionality appears beyond a reasonable doubt, and the burden of proving an ordinance's vagueness rests with the party challenging its constitutionality. *American Dog Owners Assn. v. City of Yakima*, 113 Wn.2d 213, 777 P.2d 1046 (1989). An ordinance is void for vagueness if it is framed in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application. *O'Day v. King County*, 109 Wn.2d 796, 810, 749 P.2d 142 (1988).

Or stated more simply, in order to pass constitutional muster against a vagueness attack, a statute must give a person of ordinary intelligence adequate notice of the conduct it proscribes. *United States v. 594,464 Pounds of Salmon,* 871 F.2d 824, 829 (9th Cir. 1989). However, impossible standards of specificity are not required. *State v. Sullivan*, 143 Wn.2d 162, 184,(2001). A statute providing for civil sanctions is reviewed for vagueness with somewhat "greater tolerance" than one involving criminal penalties because the consequences of imprecision are less severe. *Conlan v. U.S. Department of Labor*, 76 F.3d 271, 276 (9th Cir. 1996).

Plaintiffs argue that this ordinance is unconstitutional and point out that the Washington State Supreme Court invalidated Spokane's previous dog barking ordinance. *See Fischer v. City of Spokane*, 110 Wn.2d 541 (1988). However, the *Fischer* case is easily

distinguishable from the case at bar.  The ordinance in *Fischer* lacked a reasonableness standard and involved a criminal statute, not one that was civil in nature.

Plaintiffs also claim that issuing the citation was not reasonable because it was based on reports from the neighbors.  But, as the municipal court found in a hearing regarding Mr. Stephens' citation, the ordinance has incorporated the reasonableness standard and is presumptively constitutional.  This Court concurs.  Section A of the ordinance clearly sets forth the reasonableness standard, which is to be evaluated by any animal control official.  In the current ordinance, the citizen of average intellect need not guess at the prohibition of allowing an animal to unreasonably disturb persons by "habitually barking, howling, yelping, whining, or making other oral noises."

*B. Claim of Racial Discrimination*

Mr. Stephens claim of racial discrimination also fails.  In a § 1981 action, the plaintiffs must show intentional discrimination on account of race.  *Lowe v. City of Monrovia*, 775 F.2d 998, 1010 (9th Cir. 1986), as amended, 784 F.2d 1407 (9th Cir.1986); *see also General Bldg. Contractor Ass'n v. Pennsylvania*, 458 U.S. 375, 387-91, (1982).

When the claim is for a discriminatory enforcement of a facially non-discriminatory ordinance the plaintiffs must show discriminatory intent.  *Wayte v. U.S.*, 470 U.S. 598, 609-610 (1985).  Mr. Stephens cannot show discriminatory intent on the part of any defendant.  He

alleges that his neighbors may not have liked him because he is black, but that allegation is not directed at any defendant and fails to state a claim upon which relief may be granted.

*C. Plaintiff's Motion to Certify Class*

Fed. R. Civ. P. 23 states in relevant part:

> "Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

Although it is not necessary for the Court to reach the issue of Plaintiffs' motion to certify class since it has granted Defendants' motion for summary judgment, it appears that the Plaintiffs in this case have failed to satisfy the requirements for class certification. Specifically, Plaintiffs have failed to satisfy the numerosity requirement, and the requirement that the claims or defenses of the representative parties are typical of the claims and defenses of the class since one representative paid a fine and the other one did not. For these reasons, Plaintiff's motion to certify class is **DENIED**.

///

**IT IS SO ORDERED** that:

1. Defendants' Joint Motion for Summary Judgment (**Ct. Rec. 24**) is **GRANTED**. Plaintiffs' Motion for Summary Judgment (**Ct. Rec. 59**) is **DENIED**.

2. Plaintiffs' Motion to Certify Class (**Ct. Rec. 31**) is also **DENIED**.

The District Court Executive is directed to provide a copy of this order to all counsel, **ENTER JUDGMENT IN FAVOR OF ALL DEFENDANTS**, and **CLOSE THE FILE**.

**DATED** this 25th day of October, 2007.

*s/Lonny R. Suko*
———————————————
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 6